**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2056

TROY STEWART,

　　　　　　　　Plaintiff – Appellant,

　　　　v.

MORGAN STATE UNIVERSITY; WARREN HAYMAN; BENJAMIN WELSH;
DALLAS R. EVANS; MARTIN R. RESNIK; T. JOAN ROBINSON; DAVID
WILSON,

　　　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.　Deborah K. Chasanow, Senior District
Judge.　(8:11-cv-03605-DKC)

Submitted:　February 27, 2015　　　Decided:　March 25, 2015

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Troy Stewart, Appellant Pro Se.　　Thomas Faulk, Assistant
Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Stewart, a former doctoral candidate at Morgan State University (MSU), filed a civil action against MSU and MSU faculty and administrators, including Benjamin Welsh, Warren Hayman, Dallas Evans, Martin Resnick, T. Joan Robinson, and David Wilson (collectively, "Defendants"). Stewart alleged Title VII employment discrimination and retaliation claims, violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983 (2012), and breach of contract. At the heart of Stewart's claims is his disagreement with feedback and grades he received for an internship course and two lecture courses taught by Welsh during the Spring 2010 semester, and his eventual academic probation, unsuccessful grade appeal, and dismissal from the doctoral program.

Following the dismissal of several of Stewart's claims, Defendants filed a motion for summary judgment, to which Stewart responded. The court granted summary judgment as to each of Stewart's remaining claims. Stewart now appeals the district court's grant of summary judgment in favor of Defendants. For the reasons that follow, we affirm.

On appeal, we limit our review to arguments raised in Stewart's brief. See 4th Cir. R. 34(b). Additionally, arguments and allegations not raised in the district court are

2

not properly before us.  See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014).

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party."  Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted).  Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a) (2012).  A plaintiff can establish a discriminatory discharge claim either by providing direct evidence of discrimination or by proceeding under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005).  A plaintiff provides direct evidence by demonstrating that race was "a motivating factor" in the employer's adverse employment decision.  Adams v. Trs. of the Univ. of N.C.-Wilmington, 640

F.3d 550, 558 (4th Cir. 2011) (internal quotation marks omitted).

To demonstrate a prima facie case of discrimination under McDonnell Douglas, the plaintiff must show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) at the time of the action, he was performing his job in a manner that met his employer's legitimate expectations, and (4) he was terminated under circumstances giving rise to an inference of discrimination. Adams, 640 F.3d at 558. If the employer provides evidence of a nondiscriminatory reason for the adverse employment action, the presumption of discrimination is rebutted, and the employee must demonstrate that the proffered reason was pretext for discrimination. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (en banc).

We have reviewed the record in this case and find no reversible error in the district court's conclusion that Stewart failed to meet his burden of establishing a viable claim of racial discrimination under either method. We therefore affirm substantially for the reasons stated by the district court. See also Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 135 (4th Cir. 2002) (recognizing that subjective beliefs about discrimination are "insufficient to create a genuine issue of material fact as to any discriminatory conduct on [employer's] part").

4

Similarly, a plaintiff may prove a Title VII retaliation claim either by providing direct evidence of retaliation or by proceeding under the McDonnell Douglas framework. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Under the latter method, the plaintiff establishes a prima facie retaliation claim by demonstrating "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Ct. App., 626 F.3d 187, 190 (4th Cir. 2010). Protected opposition activities include both "complaints about suspected violations" and "staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities." EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005) (internal quotation marks and alterations omitted).

Reviewing the record in its entirety, we discern no reversible error in the district court's conclusion that Stewart failed to establish a viable retaliation claim. See Coleman, 626 F.3d at 190; Jordan v. Alt. Res. Corp., 458 F.3d 332, 338 (4th Cir. 2006).

To succeed on a breach of contract claim under Maryland law, a plaintiff must establish "that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." Taylor v. NationsBank, N.A., 776

A.2d 645, 651 (Md. 2001). A contract is only binding if it is supported by consideration — that is, "a performance or a return promise must be bargained for" in that "it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." Chernick v. Chernick, 610 A.2d 770, 774 (Md. 1992) (internal quotation marks omitted). We find no error in the court's conclusion that the Statement of Agreement between Stewart and Welsh lacked either an obligation on Welsh (or any other Defendant) or consideration, and therefore Stewart did not demonstrate the existence of a contract to support his breach of contract claim.

Turning to Stewart's § 1983 claims, Stewart argues that the district court erred in adjudicating his First Amendment and Equal Protection claims. Even assuming, without deciding, that Stewart properly alleged in the district court a First Amendment claim of infringement on his right to free speech, we conclude such a claim necessarily fails. See Smith v. Gilchrist, 749 F.3d 302, 308 (4th Cir. 2014) (addressing requirements for claim that adverse employment action violates public employee's free speech rights); Axson-Flynn v. Johnson, 356 F.3d 1277 (10th Cir. 2004) (addressing constitutional restrictions on school-sponsored speech). Additionally, we find no error in the court's adjudication of Stewart's claim related to his grade

6

appeal and affirm as to that claim for the reasons stated by the district court.

Finally, to the extent Stewart alleges that the district judge exhibited bias against him, we conclude his bald assertions provide no legitimate basis for questioning the impartiality of the experienced district court judge.  <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).  Accordingly, we affirm the district court's judgment.  We deny Stewart's motion for default judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>